OPINION
Defendant-appellant Douglas W. Feazel appeals the January 7, 2000 Judgment Entry of the Delaware County Municipal Court which found him guilty of operating a vehicle while under the influence of alcohol and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On August 8, 1999, appellant was charged with operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19(A)(1). On August 26, 1999, appellant filed a Motion to Suppress the evidence against him. The trial court held a hearing October 4, 1999, and took evidence from Trooper Bee of the Ohio Highway Patrol. In an October 5, 1999 Judgment Entry, the trial court denied the motion to suppress finding no seizure occurred until Trooper Bee had a reasonable suspicion a criminal offense had occurred. The issues in this case revolve around a consensual encounter and/or a traffic stop initiated by Trooper Bee. The parties appeared to agree Trooper Bee, as a uniformed law enforcement officer, and a pedestrian, verbally hailed appellant as appellant backed his pickup truck out of a driveway. Appellant obeyed Trooper Bee and stopped the pickup truck. After a brief conversation, Trooper Bee administered the horizontal gaze nystagmus. Trooper Bee concluded appellant presented six out of six factors suggesting appellant was operating a motor vehicle under the influence of alcohol or drugs. However, because Trooper Bee was otherwise involved with the multiple car crash and altercation on the premises, Trooper Bee did not issue a citation at that time. Instead, Trooper Bee ordered appellant to stay at that location, and called another deputy to meet and process appellant. Trooper Bee then left appellant and continued on to assist fire and medical personnel with the accident. In a January 7, 2000 Judgment Entry, the trial court accepted appellant's plea of no contest to the charge of operating a vehicle while under the influence of alcohol and sentenced appellant to three days in the Delaware County Jail. It is from this judgment entry appellant prosecutes this appeal, assigning as error the following:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE ON THE BASIS OF WANT OF REASONABLE SUSPICION BECAUSE THE LAW ENFORCEMENT OFFICER HAD NOT OBSERVABLE NOR ARTICULABLE BASIS TO INITIATE A STOP (DECISION FILED OCTOBER 4, 1999).
 I
In his sole assignment of error, appellant maintains the trial court erred in overruling his motion to suppress. Specifically, appellant takes issue with the trial court's finding Trooper Bee ever had reasonable suspicion to initiate or effect a stop. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991),73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906,908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." The record on appeal consists of a video tape of the trial court proceedings with no transcribed portions of same. App.R. 9 governs the record on appeal, and provides in pertinent part: (A) Composition of the record on appeal
 * * * A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.
(Emphasis added).
The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See, State v. Skaggs, (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. State v. Ashbaugh (Dec. 20, 1991), Delaware App. No. CA-91-15, unreported. Appellant has failed, contrary to the mandates of App.R. 9(A) and 9(B), to provide us with a properly certified, typed or printed transcription of videotaped testimony presented in the proceedings below. Appellate review of the disposition of a motion to suppress necessitates consideration of the evidence adduced at the hearing to assess whether the trial court's factual findings are against the manifest weight of the evidence. See, Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66; McRoberts v. Value City, Inc. (Sept. 23, 1987), Hamilton App. No. C-860855, unreported. In the absence of a properly certified and submitted transcription of portions of the proceedings below necessary to our examination of the trial court's disposition of the motion to suppress, we are compelled to presume the validity of the lower court's determination. Knapp v. Edwards Laboratories (1980)61 Ohio St.2d 197. We, therefore, overrule the appellants' sole assignment of error and affirm the January 7, 2000 Judgement Entry of the trial.
 ________________________ Hoffman, J.
By: Hoffman, J. Gwin, P.J. and Reader, V.J. concur